UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-CV-81031-DIMITROULEAS/ROSENBAUM

HAGAI LERER and MARCIA
LERER, his wife,

        Plaintiffs,

v.

FERNO-WASHINGTON, INC., a foreign
corporation, and AMERICAN MEDICAL
RESPONSE MANAGEMENT, INC., a
foreign corporation,

        Defendants.

_____/

## ORDER

This matter comes before the Court on Plaintiffs' Motion to Compel Discovery From Defendant Ferno-Washington Regarding Plaintiffs' Second Request to Produce, Third Request to Produce, and Third Interrogatories and Defendant American Medical Response Management, Inc. ("AMR"), Regarding Plaintiffs' Second Request to Produce and Second Interrogatories ("Plaintiffs' Motion to Compel"). [D.E. 58]. The Court has considered Plaintiffs' Motion to Compel, Plaintiffs' Notice of Filing Original Affidavit of Edward Reese, Ph.D. [D.E. 62], Defendant Ferno-Washington's Response to Plaintiff's Motion to Compel [D.E. 65], Plaintiffs' Reply Brief in Support of Motion to Compel [D.E. 67], and the record in this case. Upon consideration of Plaintiffs' Motion to Compel, the responsive and supporting filings, and the record in this case, the Court will grant the Motion.

## I. BACKGROUND

This is a product liability case arising out of the alleged failure of a Ferno Model 35-A stretcher cot. According to the Complaint [D.E. 1, Ex. A], Plaintiff Hagai Lerer ("Lerer") was an emergency medical technician employed by Defendant AMR. In the course of rendering emergency medical services, Lerer used a Ferno Model 35-A stretcher cot produced by Defendant Ferno-Washington and used by Defendant AMR. The Complaint further alleges that the stretcher cot collapsed while Lerer was performing his duties as a paramedic. More specifically, Lerer believes, although he apparently does not know with certainty, that the sheet on the cot's mattress may have become entangled in the teeth of the cot's locking mechanism. [D.E. 58, ¶¶7-8]. In order to prevent the patient from falling out of the stretcher cot, Lerer alleges that he interceded and seriously injured himself in the process. [D.E. 1, Ex. A].

During the course of the litigation, Plaintiffs have been unable to ascertain the serial number of the Model 35-A stretcher cot involved in the underlying facts of the case. [D.E. 58, ¶5]. Defendant Ferno has produced multiple versions of the Model 35-A cot. [D.E. 65, at 3].

Plaintiffs originally propounded discovery seeking, essentially, all documents and information pertaining to any complaints about any of the hundreds of different models of stretcher cots Ferno produces and sells, whether in the United States or overseas. Upon Defendant Ferno's objections to such requests as being, among other things, unduly burdensome, overly broad, irrelevant, and calling for information not reasonably calculated to lead to the discovery of admissible evidence, Plaintiffs filed a motion to compel responses to this line of discovery. [D.E. 35]. Noting that Plaintiffs' discovery requests sought information and documents relating to more than 100 product lines for a period exceeding fifteen years and that the Model 35-A has been in

production for over twenty years and has been revised on multiple occasions, the Court denied Plaintiffs' motion as it related to the previously described discovery requests, finding that the requests were "overbroad and the compelled production would be unduly burdensome." [D.E. 48]. The Court further explained that it failed "to see (at this juncture) how these requested documents [were] reasonably calculated to provide information as to Plaintiffs' specific liability claims." [D.E. 48].

>Plaintiffs then served their Second Request to Produce, in which they sought the following:
>
>1. [Ferno's] complete Complaint File for the Model 35-A, pursuant to 21 C.F.R. §820.198, in which any allegation was made (whether substantiated or not) that the cot collapsed and/or inadvertently folded. This request seeks information from 1992 through the present.
>
>2. All documents concerning any failure investigation due to collapse and/or inadvertent folding of any Model 35-A ambulance cot, including, without limitation, all follow-up reports from 1992 through the present.
>
>3. All medical device reports submitted to the Food and Drug Administration (FDA) pertaining to any Model 35A cot produced and/or distributed by Ferno from 1992 through the present, pursuant to 21 C.F.R. §803, and which related to a collapse and/or inadvertent folding of a cot.

[D.E. 58]. Ferno objected, stating, "The information sought is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. See Defendant's Response to Plaintiff's Motion to Compel filed on August 1, 2007. See Court Order dated August 2, 2007."

Additionally, on August 20, 2007, Plaintiffs also served a second set of interrogatories and a related request to produce on Defendant AMR, again dated August 20, 2007, but AMR did not

respond.[1]  On October 8, 2007, Plaintiffs filed the Motion to Compel that is the subject of this Order. [D.E. 58].  In their Motion, Plaintiffs noted that they had conferred with new counsel for AMR, who had indicated a willingness to respond to the discovery outstanding against AMR. [D.E. 58].  As of this date, however, further information regarding AMR's compliance or lack thereof has not been provided to the Court.

With respect to Ferno, on October 22, 2007, Ferno filed its Response to Plaintiffs' Motion to Compel. [D.E. 65].  Plaintiffs then responded with their Reply on October 29, 2007. [D.E. 67].

## *II. ANALYSIS*

Rule 26(b), Fed. R. Civ. P., sets forth the permissible parameters of discovery.  Under that rule,

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . [that] appears reasonably calculated to lead to the discovery of admissible evidence . . . , [as long as the Court does not find that] (i) the discovery sought is unreasonably cumulative or duplicative, or . . . obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the

---

[1] Plaintiffs also served their Third Interrogatories and Third Request to Produce on Defendant Ferno on August 20, 2007.  Although Ferno's alleged lack of responses to these discovery requests was originally an additional subject of Plaintiffs' pending Motion to Compel, on October 9, 2007, in Plaintiffs' Response to Defendant's Motion for Protective Order and to the Court's Order Dated October 4, 2007 and Supplement to Plaintiffs' Motion to Compel [D.E. 59], Plaintiffs effectively withdrew their Motion to Compel as it related to Plaintiffs' third sets of discovery because Ferno agreed to respond.  As for Ferno's complaints regarding Plaintiffs' alleged failure to confer in good faith prior to filing their current Motion to Compel, *see* Ferno's Response to Plaintiffs' Motion to Compel [D.E. 65, at 7], at least as it relates to the Second Request to Produce, it appears from the record and filings regarding this Motion – including the fact that Ferno's Response indicates that it continues to object to the discovery sought – that the parties have conferred but have been unable to reach agreement.  Nevertheless, the Court reminds the parties of their duty to provide each other with a *meaningful* opportunity to resolve matters before filing motions with the Court.

> burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. . . ."

R. 26(b), Fed. R. Civ. P. The Advisory Committee Notes to Rule 26 indicate that "[t]he purpose of discovery is to allow a **broad** search for facts, the names of witnesses, or any other matters which may aid a party in the preparation or presentation of his case." Adv. Com. Notes, 1946 Amendment, R. 26, Fed. R. Civ. P. (citations omitted) (emphasis added). Indeed, the Advisory Committee Notes approvingly cite language from a case stating that "the Rules . . . permit 'fishing for evidence as they should.'" *Id.* (citation omitted).

The courts have long recognized the wide scope of discovery allowed under the Federal Rules of Civil Procedure. As the Eleventh Circuit's predecessor court noted,

> The discovery provisions of the Federal Rules of Civil Procedure allow the parties to develop fully and crystalize concise factual issues for trial. Properly used, they prevent prejudicial surprises and conserve precious judicial energies. The United States Supreme Court has said that they are to be broadly and liberally construed.

*Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 304 (5th Cir. 1973)[2] (citing *Hickman v. Taylor*, 329 U.S. 495, 507 (1947); *Schlagenhauf v. Holder*, 379 U.S. 104, 114-115 (1964)). Of course, the scope of permissible discovery is not unbounded. Requested discovery must be relevant, and it must not impose undue burden, under the tests described in Rule 26(b)(2)(c).

Within this framework, the Court considers the production requests at issue in Plaintiffs' Motion to Compel. In this case, Ferno objects to the Second Request for Production on the basis that

---

[2] Pursuant to *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

it is "overbroad in scope and as such, not reasonably calculated to lead to the discovery of admissible evidence." Ferno's Response [D.E. 65, at 4]. Upon review of Ferno's Response, the Court views these objections as encompassing within them a protestation to the relevance of at least some of the documents sought. More specifically, Ferno contests Plaintiffs' production requests to the extent that they seek information pertaining to (1) multiple revisions of the Model 35-A, when only one version of the Model 35-A was involved in the alleged incident; (2) all incidents where a collapse or inadvertent folding of the cot was involved, when Plaintiffs have averred that they believe that the collapse at issue here may have been caused by the entanglement of a sheet in the locking mechanism; and (3) the last fifteen years, when the alleged incident occurred in 2002.

The Court finds that the production requests at issue fall within the broad scope of permissible discovery. With respect to Ferno's first argument – that discovery relating to versions of the Model 35-A cot other than the one that allegedly failed in this case is necessarily irrelevant – the Court does not agree. "Generally, different models of a product will be relevant if they share with the accident-causing model those characteristics pertinent to the legal issues raised in the litigation." *Fine v. Facet Aerospace Products Co.*, 133 F.R.D. 439, 441 (S.D.N.Y. 1990).

In this case, neither Plaintiffs nor Defendant AMR is able to determine the serial number of the Model 35-A involved in the incident in this case. As a result, neither Plaintiffs nor Defendants can identify which revision of the Model 35-A allegedly collapsed on Plaintiff Lerer, and, by extension, which version of the Model 35-A locking device was involved in the accident. This fact, however, does not mean that Plaintiffs must be precluded from all discovery regarding the Model 35-A. Rather, at least some – and maybe all – discovery relating to the Model 35-A is relevant as the courts have interpreted that term in the context of discovery. Plaintiffs' requests for information

relating to all revisions of the Model 35-A represent a substantial re-working of their original production requests to seek a far more limited universe of documents. Whereas Plaintiffs originally sought documents pertaining to all Ferno stretcher cot models – not just the Model 35-A, they now limit their requests to seek discovery pertaining only to the cot model that collapsed in the case before the Court. It appears impossible for Plaintiffs to pare down their current requests for documents relating to all revisions of the Model 35-A because the only way to limit the requests further would be to identify the specific revision of the Model 35-A used in this matter. That neither Plaintiffs nor Defendant can do.

With respect to Ferno's objection that the requested discovery should involve only those documents relating to collapses where a sheet allegedly became entangled in the locking mechanism, the Court notes first that Plaintiffs have averred only that they "believe" that an ensnared sheet "may" have caused the collapse or inadvertent folding. This indicates that Plaintiffs have not ruled out other potential causes for the collapse or inadvertent folding at this time. Consequently, it is reasonable to conclude that discovery regarding collapses and inadvertent foldings of the Model 35-A may assist both parties in determining the cause of the collapse or inadvertent folding in the case under consideration, or at least in identifying any other possible alleged causes. Second, even with respect to Plaintiffs' suggested hypothesis that a sheet may have become entangled in the locking mechanism, the Court finds that limiting Plaintiffs' discovery to information involving complaints that sheets became ensnared in the locking mechanism does not suffice. Certainly, information relating to any incidents involving other items becoming twisted in the locking mechanism would also be relevant in that they may shed light on what, if anything, occurs when something – regardless of what that may be – becomes entangled in the locking mechanism.

In addition, as with Plaintiffs' production request revisions to seek only documents relating to the Model 35-A, Plaintiffs' newer production requests seeking those only those documents pertaining to collapses and inadvertent foldings represent a significant narrowing of their original requests, which sought documents regarding all types of complaints about Ferno's products. Thus, Plaintiffs have adequately revised their requests in this respect to seek relevant documents.

Finally, with regard to the years delineated in Plaintiffs' requests, again, because the parties cannot identify the serial number of the stretcher cot used in the alleged incident in this case, they cannot determine the version of the Model 35-A employed, and, thus, they are unable to ascertain the year in which the cot at issue was produced. The same reasoning that applies to Ferno's objection to producing documents with respect to multiple versions of the Model 35-A, equally demands a finding of relevance with respect to documents pertaining to the years sought.

Moreover, the Court notes that Defendant appears to have abandoned its objection to the extent that the objection was based upon a claim that the requested productions would be unduly burdensome. Under those circumstances, and in view of the fact that Plaintiffs' revised requests seek information viewed as "relevant" in the context of discovery, the Court **GRANTS** Plaintiffs' Motion to Compel. The Court, however, declines to award fees or costs, as the Court finds Ferno's position to be "substantially justified."

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 2nd day of November, 2007.

_____
ROBIN S. ROSENBAUM
U.S. MAGISTRATE JUDGE

cc: Honorable William P. Dimitrouleas
Counsel of Record