UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-81031-DIMITROULEAS/ROSENBAUM

HAGAI LERER and MARCIA LERER,
his wife,

        Plaintiff,

v.

FERNO-WASHINGTON, INC., a foreign
corporation, and AMERICAN MEDICAL
RESPONSE MANAGEMENT, INC., a
foreign corporation,

        Defendants.
_____/

## ORDER

Pursuant to this Court's Order on November 2, 2007 [D.E. 70], the parties appeared for a hearing on November 7, 2007. [D.E. 73, 74]. At the hearing, the Court ordered that two Rule 35, Fed. R. Civ. P., examinations of Plaintiff Hagai Lerer by Defendants Ferno-Washington, Inc. ("Ferno"), and American Medical Response Management, Inc., take place before November 30, 2007. [D.E. 73]. During the hearing, the Plaintiffs Hagai Lerer and Marcia Lerer ("Plaintiffs") requested that the two Rule 35, Fed. R. Civ. P., examinations be videotaped and that the doctors administering the Rule 35, Fed. R. Civ. P., examinations not be allowed to ask Plaintiff Hagai Lerer about his medical history. The Defendants objected to both these requests. The Court allowed both parties, at their own discretion, to submit legal authority on these issues by November 9, 2007. [D.E. 73]. On November 9, 2007, Plaintiffs submitted their Notice of Filing Regarding Scope of Rule 35 Examinations [D.E. 76], and Defendant Ferno filed its Legal Authority and Memorandum of Law

in Opposition to Plaintiffs' *Ore Tenus* Motion to Preclude Questions Pertaining to Plaintiff's Medical History During Compulsory Medical Examinations. [D.E. 75]. Upon reviewing the Plaintiffs' and Defendant Ferno's filings, the record in this case, and the applicable case law, the Court finds as follows:

A.  <u>Videotaping of Plaintiff Hagai Lerer's Rule 35 Examination</u>

1. Rule 35, Fed. R. Civ. P., is silent on who may attend a "physical or mental" examination. Consequently, the issue is left to the Court's discretion. *Wheat v. Biesecker*, 125 F.R.D. 479, 480 (N.D. Ind. 1989) (citing *Dziwanoski v. Ocean Carriers Corp.*, 26 F.R.D. 595 (D. Md. 1960)).

2. "'Most courts analyze a request for a recording device the same way they evaluate whether to permit the presence of an attorney at a Rule 35, Fed. R. Civ. P., examination.'" *Favale v. Roman Catholic Diocese of Bridgeport*, 235 F.R.D. 553, 557 (D. Conn. 2006) (quoting *Hirschheimer v. Associated Metals & Minerals Corp.*, 1995 WL 736901, *2 (S.D.N.Y. Dec. 12, 1995)). In conducting this analysis, courts have found that the party seeking to have the observer or recording device present bears the burden of demonstrating "good cause" for the request under Rule 26(b), Fed. R. Civ. P., as the presence of a third party is not typically necessary or proper. *Schlunt v. Verizon Directories Sales-West, Inc.*, 2006 WL 1643727, *4 (M.D. Fla. June 12, 2006) (citing *Wheat*, 125 F.R.D. at 480). Indeed, courts have held that the presence of a third party or recording device "subvert[s] the purpose of Rule 35, which is to put both the plaintiff and defendant on an equal footing with regard to evaluating the plaintiff's [medical] status." *Favale*, 235 F.R.D. at 557 (citing *Duncan v. Upjohn Co.*, 155 F.R.D. 23, 26-27 (D. Conn. 1994)); *see also Abdulwali v. Washington Metro Area Transit Authority*, 193 F.R.D. 10, 13 (D.D.C. 2000). Because Plaintiff Lerer was able to be examined by his physicians in the absence of a defense recording device, the

theory urges, Plaintiffs should not be permitted to record the Rule 35 examination unless they can show "special conditions are present which call for a protective order tailored to the specific problems presented." *Bethel v. Dixie Homecrafters, Inc.*, 192 F.R.D. 320, 324 (N.D.Ga.. 2000) (quoting *Tirado v. Erosa*, 158 F.R.D. 294, 299 (S.D.N.Y. 1994)); *see also Ali v. Wang Labs., Inc.*, 162 F.R.D. 165, 168 (M.D. Fla. 1995) (requiring demonstration of "special need"); *Abdulwali*, 193 F.R.D. at 13 (finding that "[i]n the instances in which the presence of a third party has been allowed, '[e]ach of these rulings has been grounded in the particular facts of the case.'"). Courts have often reached this conclusion because they have found that Rule 35 and the adversary process provide other safeguards for plaintiffs who submit to Rule 35 examinations. Plaintiffs receive a Rule 35 examination report and then have the opportunity to depose the physician, cross-examine him or her, and introduce contrary expert evidence. *See Barrett v. Great Hawaiian Cruises, Inc.*, 1997 WL 862762 (D. Ha. 1997). Additionally, should the physicians improperly inquire, Plaintiffs will have the opportunity to seek to exclude such questioning from trial. *See Cline v. Firestone Tire & Rubber Co.*, 118 F.R.D. 588 (S.D. W.Va. 1988) (citing *Dziwanoski*).

    3. In this case, Plaintiffs have not satisfied their burden of establishing "good cause" for the video recording. While the Court appreciates Plaintiffs' briefing of the issue and is aware of Plaintiffs' generally voiced concerns about the potential bias of a physician selected by any defendant conducting an examination of a plaintiff, Plaintiffs have not come forward with any evidence suggesting that the physicians selected by Defendants in this case will not "'make a fair examination.'" *See Wheat*, 125 F.R.D. at 480 (quoting *Dziwanoski*, 26 F.R.D. at 598). Under these circumstances, the Court does not find good cause or special circumstances to warrant upsetting the "level playing field" intended to be established by Rule 35. Consequently, Plaintiffs' *Ore Tenus*

Motion to Videotape the Rule 35 Examinations is hereby **DENIED.**

B. <u>Whether Doctors During the Rule 35, Fed. R. Civ. P., Examinations May Ask About Plaintiff Hagai Lerer's Medical History</u>

4. During Rule 35, Fed. R. Civ. P., examinations, courts often allow Rule 35 examinations to include "routine procedures," which would generally include a review of medical history. *Trenary v. Busch Entertainment Corp.*, 2006 WL 333362, *4 (M.D.Fla. 2006) (ordering examinations to proceed according to "routine procedures"); *Morton v. Haskell Company*, 1995 WL 819182, *4 (M.D. Fla., Sept. 12, 1995) (same). Many courts have found that a review of medical history assists the doctor in his or her evaluation. *See, e.g., Romano v. II Morrow, Inc.*, 173 F.R.D. 271, 273 (D. Ore. 1997) (holding that review of medical history during an examination assisted doctor's medical conclusions); *Hernstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 626 (D. Kan. 1999) (holding restriction of questions during examination "unduly restricts physician's ability to reach medical conclusions").[1] Accordingly, courts refrain from "limit[ing] the manner in which an examination is conducted or the questions asked absent good cause for a protective order." *Henry v. City of Tallahassee*, 2000 WL 33310900, *2 (N.D. Fla., Dec. 6, 2000). The burden to demonstrate circumstances that require the limitation of a Rule 35 examination rests with th party seeking the restrictions. *See, e.g., Stoner v. New York City Ballet Company*, 2002 WL 31875404, *6 (S.D.N.Y., Dec. 24, 2002) (holding plaintiff failed to meet burden to limit a psychiatrist's questions during Rule 35 examination).

---

[1] While the risk of an expert report opining about the credibility of party from an examination, such as inconsistencies in the party's recitation of medical history, is legitimate, should that occur, Plaintiffs may file an appropriate motion with the Court, seeking to preclude Defendants' use at trial of any inappropriate portions of the physicians' opinions and/or factual findings. *See, e.g., Gray v. State of Florida*, 2007 WL 2225815, *3 (MD.Fla., July 31, 2007).

5. Because Plaintiffs have not met their burden of establishing good cause to prohibit the doctors from asking Plaintiff Hagai Lerer about his medical history, the Court **DENIES** Plaintiffs' *Ore Tenus* Motion to Preclude Rule 35 Examination Doctors from Asking About Plaintiff Hagai Lerer's Medical History. Accordingly, it is hereby **ORDERED** that Defendants' Rule 35 examination physicians may make routine inquiries into Plaintiff Hagai Lerer's medical history, as necessary to conduct a routine examination.

**DONE AND ORDERED** at Fort Lauderdale, Florida, this 14th day of November, 2007.

ROBIN S. ROSENBAUM
United States Magistrate Judge

cc: Honorable William P. Dimitrouleas
counsel of record